IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ORLANDO JEFFREY DORTMAN, § | |
| § | |
| PLAINTIFF, § | |
| § | |
| v. § | No. 3:10-CV-01411-D (BF) |
| § | |
| GREYHOUND LINES, INC. AND § | |
| DOES 1-25, § | |
| § | |
| DEFENDANTS. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the District Court's Orders of Reference, Defendant Greyhound Lines, Inc.'s Motion to Compel Discovery Responses and Brief in Support Thereof (doc. 30) was referred to the United States Magistrate Judge. This motion was filed on August 3, 2011. On September 22, 2011, this Court entered an Order granting the motion and ordering Plaintiff to respond to Defendant's discovery requests within ten days from the date of the order (doc. 32). Plaintiff should have responded to the discovery requests by October 3, 2011. However, Plaintiff did not respond and thus this Court entered another Order for Plaintiff to show cause why the Court should not sanction him for ignoring the Court's discovery order (doc. 34). This Court gave Plaintiff until October 25, 2011 to show cause. Again, Plaintiff failed to respond.

A court can dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *Larson v. Scott,* 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.,* 756 F.2d 399, 401 (5th

Cir. 1985) (citing *Link v. Wabash, R.R. Co.,* 370 U.S. 626 (1962)).  Plaintiff has failed to respond to the Court's discovery order dated September 22, 2011.  Moreover, Plaintiff also did not respond to the Court's show cause order from October 14, 2011.  Accordingly, his complaint should be dismissed for want of prosecution.

   The Court recommends that the District Court dismiss Plaintiff's complaint without prejudice for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b).

   SO RECOMMENDED, November 18, 2011.

                 _____
                 PAUL D. STICKNEY
                 UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

  The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory, or general objections.  A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court.   See Thomas v. Arn, 474 U.S. 140, 150 (1985).  Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  See Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).